**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROY C. RIVAS, JR., <br><br>    Petitioner, <br><br> v. <br><br> STUART J. RYAN, Warden, <br><br>    Respondent. | CASE NO. 04cv1154-J (JMA) <br><br> **ORDER DENYING:** <br><br> **(1) CERTIFICATE OF APPEALABILITY [Doc. No. 57.];** <br><br> **(2) MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS [Doc. No. 58.]; AND** <br><br> **(3) REQUEST FOR TRANSCRIPTS [Doc. No. 59.]** |

On June 20, 2007, this Court issued an Order adopting Magistrate Judge Jan M. Adler's Report and Recommendation ("R&R") and denying Petitioner Roy C. Rivas' ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition.") [Doc. No. 54.] Before the Court is Petitioner's Motion for Certificate of Appealability, Motion for Leave to Appeal In Forma Pauperis, and Request for Transcripts. [Doc. Nos. 57, 58, 59.] For the reasons set forth below, the Court **DENIES** Petitioner's Motion for COA, Motion for Leave to Appeal In Forma Pauperis, and Request for Transcripts.

*Legal Standard*

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), a state prisoner may not appeal the denial of a

habeas petition unless he obtains a COA from a district or circuit judge.  *See* 28 U.S.C. § 2253(c)(1)(A); *see also United States v. Asrar*, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue a COA under the AEDPA).  In deciding whether to grant a COA, a court must either indicate the specific issues supporting a certificate or state the reasons why a certificate is not warranted.  *See Asrar*, 116 F.3d at 1270.

A court may issue a COA only if the applicant has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  If a habeas petition has been denied on the merits, the Supreme Court has stated that "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## *Discussion*

This Court denied each claim of the Petition on the merits.  (*See* June 20, 2007 Order *passim.*)  The Petition challenges Petitioner's convictions for first degree murder, attempted residential robbery, residential burglary, and use of a gun during the commission of the crimes.  Petitioner now seeks a COA on the following grounds: (1) the Court erred in upholding the state court's factual determination that jury foreman Rudy Medina did not lie during voir dire; (2) the Court erred in determining that Petitioner was not denied his right to an impartial jury; (3) the Court erred in determining that Petitioner was not denied his Sixth Amendment right to confront declarant Patsy Moreno; (4) the Court erred in determining that the admission of Gloria Rivas' testimony was not an unreasonable application of law.

**I.    The State Court's Factual Determination that the Jury Foreman Did Not Lie During Voir Dire**

Petitioner asserts that the Court erred in upholding the state court's factual finding that during voir dire, jury foreman Rudy Medina did not lie about his relationship with Petitioner's mother, Rita Reith.  (COA at 4.)  Petitioner's claim stems from Medina's failure to tell the trial court during voir dire that he had a romantic relationship with

Petitioner's mother twenty-five years earlier.

In addressing a habeas petition filed by a person in custody pursuant to the judgment of a state court, "a determination of a factual issue made by a State court shall be presumed to be correct." *Jeffries v. Wood*, 114 F.3d 1484, 1500 (9th Cir. 1997), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997). A "state court factual determination is unreasonable only if it is so clearly incorrect that it would not be debatable among reasonable jurists." *Id.* (internal quotations omitted).

This Court properly decided that the state court's factual determination regarding Medina's veracity was not clearly incorrect. Although it is apparent that Medina did not reveal all of the facts about his relationship with Reith during voir dire, whether Medina lied during voir dire would be debatable among reasonable jurists. Medina testified at an evidentiary hearing that he did not reveal the romantic nature of his relationship with Reith because he "was never asked." (Lodgm't No. 2(b) at 210-11.) A review of the record of voir dire proceedings reveals that although the court and counsel asked Medina about his work relationship with Reith, neither the court nor counsel directly asked Medina whether he had a romantic relationship with Reith. (*See* Lodgm't No. 14 (July 19, 1994 Rep.'s Tr.) at 80-81, 146.) In light of the deferential review that this Court is required to afford state court factual findings, this Court did not err in upholding the state court's determination that Medina did not lie about the nature of his relationship with Reith.

## II.     Right to an Impartial Jury

Petitioner asserts that the Court erred in finding that Medina's presence on the jury did not deny Petitioner his right to an impartial jury. (COA at 11.) The Supreme Court has long held that "the remedy for allegations of juror partiality is a hearing in which the defendant has the opportunity to prove actual bias." *Smith v. Phillips*, 455 U.S. 209, 215 (1982). Petitioner was granted an evidentiary hearing at which he had the opportunity to prove actual bias. (*See* Lodgm't No. 2(b) at 197.) Both Medina and Reith testified regarding their past relationship. (*See id.* at 108, 197.) This testimony did not support a finding that Medina was biased against Petitioner as a result of his relationship with Reith.

1  Specifically, the testimony revealed that the relationship was casual in nature, it ended
2  twenty-five years prior to Petitioner's trial, and it did not end acrimoniously. (*See id.*)
3  Accordingly, this Court properly found that Petitioner was not denied his right to an
4  impartial jury.

**III.   Confrontation Clause**

Petitioner asserts that the Court erred in finding that the admission of a hearsay statement by co-defendant Patsy Moreno did not violate his Sixth Amendment right to confront and cross-examine witnesses. (COA at 8.) Over Petitioner's objections, the state court admitted the testimony of a police officer who stated that Moreno told him that she had agreed to participate as the driver in the robbery attempt. (Lodgm't No. 14 at 344.) Petitioner argues that the admission of this statement violated his Sixth Amendment rights because the statement did not bear adequate indicia of reliability. (COA at 10.)

The Supreme Court's decision in *Ohio v. Roberts*, 448 U.S. 56 (1980) is controlling with regard to this issue because Petitioner's appeal was decided well before the Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36 (2004). *See Whorton v. Bockting*, 127 S. Ct. 1173, 1184 (2007). *Roberts* provides that hearsay testimony is admissible if: (1) the declarant is unavailable; and (2) the statement either falls within a firmly rooted hearsay exception or bears adequate indicia of reliability. 448 U.S. at 66. The Ninth Circuit has recognized that self-inculpatory statements bear strong indicia of reliability. *See Chia v. Cambra*, 360 F.3d 997, 1004 (9th Cir. 2004).

Petitioner argues that Moreno's statement to the police officer did not bear adequate indicia of reliability because her statement inculpated both herself and Petitioner. (COA at 10.) Specifically, Petitioner argues that Moreno's statement supported an inference that Petitioner was involved in the robbery. (*Id.*) An examination of the record reveals that Moreno's statement made no reference to Petitioner. Rather, the police officer testified that Moreno stated that she was the driver in the robbery attempt. (*See* Lodgm't No. 14 at 344-46.) There is no indication that Moreno described Petitioner's role in the robbery or attempted to shift the blame for the incident to Petitioner. The fact that the statement

wholly inculpated Moreno undermines Petitioner's contention that the statement lacked reliability. Further, even if Moreno's statement was improperly admitted, Petitioner has failed to demonstrate that Moreno's statement prejudiced his defense. Other witnesses testified in detail as to Petitioner's involvement in the robbery and corroborated Moreno's statement that she was the driver during the robbery attempt. (*See* Lodgm't No. 14 at 399-422.) Because Petitioner's trial was not rendered fundamentally unfair by the admission of Moreno's statement, this Court properly found that Petitioner's Sixth Amendment rights were not violated.

**IV.    Petitioner's Allegation that Witness Gloria Rivas' Testimony Was Scripted**

Petitioner argues that the plea agreement between witness Gloria Rivas and the prosecution unconstitutionally restricted her testimony in violation of Petitioner's due process rights. (COA at 11.) Specifically, Petitioner argues that the terms of the plea agreement provided that Gloria Rivas "could only offer testimony that would help the prosecution and not benefit the defense." (*Id.*)

An agreement requiring a witness to testify truthfully in exchange for a plea is permissible as long as "the jury is informed of the exact nature of the agreement, defense counsel is permitted to cross-examine the accomplice about the agreement, and the jury is instructed to weigh the accomplice's testimony with care." *United States v. Yarbrough*, 852 F.2d 1522, 1537 (9th Cir. 1988).

At Petitioner's trial, the jury was informed of the nature of Gloria Rivas' plea agreement and was instructed to take the agreement into account when assessing her testimony. (Lodgm't No. 14 at 380.) The prosecutor reminded her to "tell the truth." (*Id.* at 414.) Petitioner's counsel cross-examined Gloria Rivas regarding the agreement. (*Id.* at 490-91.) These facts indicate that even though Gloria Rivas testified in exchange for a plea, her testimony was proper because she was instructed to testify truthfully, the jury was aware of the agreement, and Petitioner's counsel had an opportunity to question her about the agreement. Further, Petitioner fails to offer any evidence supporting his claims that Gloria Rivas was coerced into testifying favorably for the prosecution or that she testified

1  falsely.  Accordingly, this Court did not err in finding that the admission of Gloria Rivas'
2  testimony was a reasonable application of law.

### *Conclusion*

Petitioner's COA does not provide, nor can this Court identify, any evidence showing that reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong.  Accordingly, the Court **DENIES** Petitioner's Motion for COA, Motion for Leave to Appeal In Forma Pauperis, and Request for Transcripts because Petitioner has failed to make a "substantial showing" of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**

DATED:  August 13, 2007

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge

cc:   Magistrate Judge Adler
      All Parties